IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

      Plaintiff,                       No. 2:11-cv-1625 JAM JFM (PC)

   vs.

JOSEPH ORR,                         <u>ORDER AND</u>

      Defendant.               <u>FINDINGS & RECOMMENDATIONS</u>

                          /

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Judge Joseph Orr's motion to dismiss. Plaintiff opposes the motion. On the review of the motion and the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

                        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

      On May 8, 2008, plaintiff pled no contest in the Sacramento County Superior Court to residential burglary, vehicle theft, possession of a stolen vehicle, and misdemeanor resisting a police officer. During the plea proceedings, plaintiff stated that he would not enter a plea unless he could appeal the trial court's denial of three previously-filed motions. In accepting his plea, the trial judge, defendant Joseph Orr, gave repeated assurances to plaintiff that he would be able to appeal the denial of those motions and that he, Judge Orr, would sign a certificate of probable cause for the appeal.

On August 10, 2009, however, the California appellate court held that Judge Orr's assurances could not expand the jurisdiction of the appellate court and make cognizable on appeal issues that were waived by a no contest plea. Accordingly, the appellate court granted plaintiff the opportunity to withdraw his plea.

Plaintiff now brings this damages action against Judge Orr on the ground that defendant interfered with plea negotiations in violation of his role as a judicial officer. Plaintiff seeks $50,000 in damages.

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

## DISCUSSION

Defendant seeks dismissal of the complaint on grounds of absolute immunity and lack of jurisdiction. In his opposition, plaintiff does not dispute defendant's grounds for dismissal. Rather, plaintiff attempts introduce new evidence and allegations that Judge Orr improperly participated in the plea negotiations beyond giving improper assurances.

/////

### I.   Federal Court Jurisdiction

The Eleventh Amendment bars suits against a state by its own citizens or citizens of other states in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). The Eleventh Amendment bars all suits against states, irrespective of the relief requested. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 58 (1996). Additionally, suits brought against state officials in their official capacities are essentially suits brought against the state. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, the Eleventh Amendment also bars suits for monetary damages against state officers in their official capacities. See id. Although, a plaintiff may seek a declaratory judgment or injunctive relief against state officers in their official capacities. See E.E.O.C. v. Peabody W. Coal Co., 610 F.3d 1070, 1085 (9th Cir. 2010).

The Ninth Circuit has long held that the Superior Courts in California are agencies of the state. See Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) ("The system of courts in California is a statewide system, established by the State Constitution and the statutes enacted by the Legislature pursuant thereto."); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that "a suit against the Superior Court is a suit against the State" of California and is barred by the Eleventh Amendment).

The undersigned therefore finds that to the extent plaintiff is purporting to allege any federal civil rights claim against Judge Orr in his official capacity, plaintiff's claim is barred by the Eleventh Amendment.

### II.   Judicial Immunity

Additionally, plaintiff's claim against Judge Orr in his individual capacity is barred on the ground of absolute immunity. State judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial

immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune, however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

Here, plaintiff complains that Judge Orr's participation in plea negotiations rendered his plea fundamentally unfair. Plaintiff's complaint, however, asserts only that Judge Orr gave plaintiff certain assurances during plea negotiations that were deemed improper by the California appellate court. These assurances, albeit improper, were given within the scope of Judge Orr's judicial capacity. Accordingly, Judge Orr is entitled to judicial immunity.

Insofar as plaintiff seeks to amend his complaint to assert that Judge Orr improperly participated in the plea agreement by offering plaintiff a potential sentence of 14 years 4 months, in contrast to the district attorney's offer of 15 months, the court finds that such amendment would be futile as plaintiff has suffered no harm. To prosecute an action pursuant to 42 U.S.C. § 1983, a plaintiff must plead that (1) defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes. See West v. Atkins, 487 U.S. 42, 48 (1988). The court notes, initially, that there is no authority holding that a state judge's participation in a plea agreement violates the Constitution or any federal statute. Miles v. Dorsey, 61 F.3d 1459 (10th Cir. 1995) (judge's participation in plea bargaining did not violate Constitution where plea was not coerced); Flores v. Estelle, 578 F.2d 80, 85 (5th Cir. 1978) (state judge's participation in plea bargaining does not per se violate any federal constitutional provision); United States ex rel Robinson v. Housewright, 525 F.2d 988, 990-91 (7th Cir. 1975) (no federal constitutional prohibition on judicial participation in plea bargaining); Brown v. Peyton, 435 F.2d 1352, 1357 (4th Cir. 1970) (no constitutional limitation on judge participating in plea discussions); see also Bivens v. Poole, 302 Fed. Appx. 598, 598 (9th Cir. 2008) (unpublished disposition) ("[T]there is no clearly established federal law, as determined by the

1  Supreme Court of the United States, prohibiting a state court's participation in plea
2  negotiations.")  Yet even assuming that such actions can be construed as rendering plaintiff's
3  plea involuntary, plaintiff has failed to show that he suffered any harm in light of the California
4  appellate court's decision authorizing plaintiff to withdraw his plea.
5         Accordingly, IT IS HEREBY ORDERED that plaintiff's July 26, 2012 motion to
6  complete the record is denied; and
7         IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be
8  granted.
9         These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
11 days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
14 objections shall be filed and served within fourteen days after service of the objections.  The
15 parties are advised that failure to file objections within the specified time waives the right to
16 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: September 11, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;lang1625.mtd

5